the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Villanueva,* 408 F.3d 193, 202–03 & n. 9 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 268, 163 L.Ed.2d 241 (2005). A defendant's base offense level is to be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1, comment. (n.3). The Government must establish by a preponderance of the evidence that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant. *United States v. Eastland,* 989 F.2d 760, 770 (5th Cir.1993).

The district court's determination that it was not clearly improbable that the weapon seized from Carmelo Hernandez's vehicle was connected to Loya's offense of conviction was plausible in light of the record read as a whole. The presentence report (PSR) established that Loya was a passenger in a car and that while he and Hernandez were riding in that car, Loya had methamphetamine on his person. The PSR also stated that Hernandez and Loya admitted that the drugs in the car belonged to both of them and that they were trying to sell the drugs. Hernandez testified at the sentencing hearing that he placed the firearm in the car while Loya was sitting right next to him. Thus, the district court could infer that Loya knew the firearm was in the car. Further, it is not clearly improbable that the weapon was used to protect the drug trafficking activities. *See United States v. Westbrook,* 119 F.3d 1176, 1193 (5th Cir.1997); *United States v. Thomas,* 120 F.3d 564, 574 (5th Cir.1997). Therefore, the Government established a sufficient temporal and spatial relation between the weapon, the drug trafficking activity, and Loya, and the dis-

trict court did not clearly err when it increased his base offense level for possession of a dangerous weapon under § 2D1.1(b)(1).

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marcos Alfredo GARCIA–GAMEZ,**
**Defendant–Appellant.**

**No. 05–41420**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.